| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>In re<br><br>35300 ROUTE 48 HOLDING CORP.,<br><br>                        Debtor.<br>-----------------------------------------------------------X | Hearing Date and Time:<br>February 25, 2016 at 11:00 a.m.<br><br>Chapter 11<br><br>Case No. 15-71775-las |

**DEBTOR'S APPLICATION FOR AN ORDER: (i) AUTHORIZING
THE DEBTOR TO SELL CERTAIN PROPERTY FREE AND
CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, AND
(ii) GRANTING RELATED RELIEF**

**TO:   THE HONORABLE LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE:**

35300 ROUTE 48 HOLDING CORP., the debtor and debtor-in-possession in the above-captioned proceeding (the "Debtor"), by their attorneys, the Law Office of Michael G. Mc Auliffe, respectively represents as follows:

## INTRODUCTION

1.      By this Application, the Debtor seeks entry of an order, pursuant to sections 105, 363(b) and (f) of the Bankruptcy Code and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing the Debtor to sell a certain parcel of real property known as 35300 Route 48, Peconic, New York 11971 (the "Property"), pursuant to a contract of sale more fully described herein and attached hereto as Exhibit "A", free and clear of liens, claims, encumbrances and other interests, with such liens, claims, encumbrances and other interests to attach to the proceeds of sale in the order of their priorities, subject to the rights and defenses, if any, of the Debtor thereto.

1

2. As will be shown below, the Debtor's decision to sell the Property is based on the Debtor's sound business judgment and is in the best interests of the estate and its creditors. Accordingly, the Application should be granted in all respects.

## BACKGROUND

3. On April 28, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Section 101-et seq.

4. No trustee has been appointed in the Debtor's case. Consequently, the Debtor is continuing in the operation of its business and the management of its property as a Debtor in Possession, with all the rights, duties, and obligations set forth at §§1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor is a New York Corporation with its corporate office located at 35300 Route 48, Peconic, New York 11971.

6. The Debtor is engaged in the business of owning and operating the parcel of real property located at 35300 Route 48, Peconic, New York 11971 (the "Property").

7. The Debtor's financial difficulties are a result of cash flow problems precipitated by the general downturn in the economy.

8. Prior to the commencement of this action, the Debtor has been actively trying to either refinance or sell the Property for a sum sufficient to satisfy all of the Debtor's obligations.

9.    The Debtor now believes that the sale of the Property will generate sufficient funds to enable it to satisfy all of its obligations.

**The Property**

10.    Beginning prior to the Filing Date and continuing throughout the post-petition period, the Debtor has been marketing the Property but was having little success in finding a ready, willing and able purchaser due to the depressed economy over the last several years.

11.    Recently, however, the Debtor entered into a contract of sale of the Property with Wayne Dupree ("Purchaser") for the price of $500,000.00, a copy of which is annexed hereto as Exhibit "A" (the "Agreement"). To date, this amount represents the highest and best offer the Debtor has received for the Property.

12.    The Property is encumbered by a mortgage held by American Community Bank (the "Lender") on which there is an outstanding balance in the approximate amount of $247,054.03 as noted in the amended proof of claim as filed by The Lender.

**RELIEF REQUESTED**

13.    By this Application, the Debtor requests that this Court enter an order: (I) approving the sale of the Property to the Purchaser pursuant to the terms of the Agreement; (II) approving the sale of the Property free and clear of all liens, claims, encumbrances and other interests, with such liens, claims, encumbrances and other interests to attach to the proceeds of sale in the order of their priorities, subject to the rights and defenses, if any, of the Debtor thereto; and (III) granting such other and further relief as is appropriate to effectuate the sale of the Property.

14. Bankruptcy Code Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate". Whether such sale or use should be approved is a matter subject to the Bankruptcy Court's discretion, giving due consideration to the sound business judgment of the proponent of the sale or use. See In re Lionel Corp., 722 F.2d 1063 (2d Cir. 1983).

15. The Debtor believes that good cause and sound business reasons exist for the Debtor to enter into the Agreement and sell the Property thereunder, in accordance with the various standards articulated by the Second Circuit in Lionel, supra. Sale of the Property should provide for a one hundred percent (100%) distribution, and the remainder available to the Debtor's shareholders. If the sale were not to proceed under the Bankruptcy Code, the Lender would likely be granted relief from the automatic stay and then schedule a foreclosure sale. As a result, any forced sale would realize far less than the sale as proposed by the debtor. All of this can be avoided through the mechanism proposed herein.

16. The sale that the Debtor proposes is based upon adequate and reasonable notice to all interested parties. The Agreement provides for fair and reasonable terms and permits the Debtor to maximize the value of the Property for the benefit of the Estate. All of those factors warrant approval of the sale of the Property.

## SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

17. Pursuant to Section 363(f), property may be sold free and clear of any liens, claims, charges and interests in such property if: (i) such a sale would be permitted under applicable non-bankruptcy law; (ii) the party asserting such interest consents; (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of a bona fide dispute; or (v) the party asserting the interest would be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

18. As stated above, the Property is encumbered by the Lender's mortgage lien. Based upon the anticipated purchase price for the Property as set forth in the Agreement, which is significantly greater than the outstanding balance on the mortgage, the requirements of Section 363(f)(3) are met.

## CONCLUSION

19. For all of the reasons set forth above and for the reasons to be placed on the record at the hearing on this Application, the Debtor submits that the relief sought in the Motion should be granted in full.

20. Since no novel or complex issues of law are raised by this Application, it is respectfully submitted that the requirement of a memorandum of law pursuant to EDNY LBR 9013-1 be dispensed with.

21. No prior application for the relief requested herein has been made by the Debtor to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order granting the relief requested herein, together with such other and further relief to the Debtor as the Court may deem proper.

Dated: Melville, New York
January 12, 2016

                                       LAW OFFICE OF MICHAEL G. Mc AULIFFE
                                       Counsel to the Debtor

                     By:     */s/ Michael G. Mc Auliffe*
                                       Michael G. Mc Auliffe, Esq.
                                       68 South Service Road, Suite 100
                                       Melville, New York 11747
                                       (631) 465-0044